NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-50274 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:20-cr-00122-RGK-1 2:20-cr-00122-RGK |
| JASON ERIC DAVID, AKA Jason David, AKA Jason E. David, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 16, 2022
Pasadena, California

Before:  BRESS and BUMATAY, Circuit Judges, and GLEASON,** District
Judge.

Jason David pleaded guilty to possession of stolen mail and possession of 15

or more unauthorized access devices.  *See* 18 U.S.C. §§ 1708, 1029(a)(3).  At

sentencing, the district court imposed a total sentence of 36 months of imprisonment

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Sharon L. Gleason, United States District Judge for the
District of Alaska, sitting by designation.

followed by three years of supervised release. On appeal, David challenges the imposition of two conditions of supervised release—the electronic search condition, known as "Special Condition 10," and the risk notification condition, known as "Standard Condition 14." We affirm in part and vacate and remand in part.[1]

1.    The electronic search condition permits law enforcement or a probation officer to search David's electronic communications at a "reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation." In his plea agreement David gave up the right to appeal the imposition of any conditions of probation or supervised release "set forth in General Order 18-10" of the Central District of California. Because Special Condition 10 is not set forth in General Order 18-10, the appellate waiver does not encompass David's challenge to it.

We review the imposition of a supervised release condition over a defendant's objection for abuse of discretion. *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). Under 18 U.S.C. § 3583(d), a district court has the discretion to order special conditions of supervised release if the record demonstrates the conditions are "reasonably related to the goal of deterrence, protection of the public,

---

[1] In a concurrently filed opinion, we address David's challenge to his custodial sentence. In that opinion, we hold that the appellate waiver in David's plea agreement is enforceable and therefore do not consider the merits of his claims.

2

or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003) (simplified). "The supervised release conditions need not relate to the offense for which [the defendant] was convicted as long as they satisfy any of the" statutory goals. *United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015) (simplified).

We find no abuse of discretion because the condition at issue here is reasonably related to the goals of deterrence and protection of the public. David's particular circumstances support the district court's imposition of the condition. At the time of his arrest, David had more than 20 prior convictions for controlled substances violations, theft, and robbery, and he violated the conditions of his pretrial release on at least two occasions. Also, David was convicted for possession of stolen mail and unauthorized access devices, and there is a connection between the nature of his offenses and the use of electronic communications. Given David's criminal history, the district court could conclude that it serves the goals of deterrence and public protection to permit law enforcement to search his electronic devices upon reasonable suspicion that he violated a condition of his supervision. And because law enforcement may only search David's electronic devices "upon reasonable suspicion . . . that the areas to be searched contain evidence of this

3

violation," the deprivation of liberty is no greater than necessary to further those goals.

We reject David's argument that Special Condition 10 is vague, overbroad, or the district court insufficiently explained why it was being imposed. Because David did not object to the condition on these grounds, our review is for plain error. *Wolf Child*, 699 F.3d at 1089. The condition is not unconstitutionally overbroad because it only permits a search of David's electronic devices upon reasonable suspicion that they contain evidence of a violation of his supervised release. The condition is not unconstitutionally vague because its terms are sufficiently clear. Finally, the district court was not required to explain its reasons for imposing each condition, *id.* at 1091, and "the record as a whole reflects rational and meaningful consideration" of the reasonable need for Special Condition 10, *United States v. Rudd*, 662 F.3d 1257, 1261 (9th Cir. 2011).

2. David claims that the district court erred in imposing Standard Condition 14.[2] We have already held that Standard Condition 14 is unconstitutionally vague because it fails to "answer the question of *what* conduct the defendant needed to warn the public about." *United States v. Magdirila*, 962 F.3d

---

[2] Standard Condition 14 provides: "As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications."

4

1152, 1158–59 (9th Cir. 2020).  Since Standard Condition 14 is listed in General Order 18-10, David's challenge to this condition is covered by his appellate waiver.  But we have said that "[a] waiver of the right to appeal does not bar a defendant from challenging an illegal sentence."  *United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016) (simplified); *see also United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("A waiver of appellate rights will also not apply if a defendant's sentence is illegal, which includes a sentence that violates the Constitution.") (simplified).  The government also agrees that Standard Condition 14 is invalid and does not argue that we should apply the appellate waiver on this issue.  Accordingly, we remand to the district court to strike Standard Condition 14 and, if appropriate, craft a new, compliant supervised released condition.  *See Magdirila*, 962 F.3d at 1159.

**AFFIRMED** in part and **VACATED** and **REMANDED** for resentencing on the terms on supervised release.

5